E-FILED
Friday, 09 December, 2011  11:52:54 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RODRIGUEZ D. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3433 |
| | ) | |
| DETECTIVE STEPHEN WELSH, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, currently incarcerated in federal prison in Louisiana, has filed a *pro se* complaint alleging misconduct which resulted in his conviction in Springfield, Illinois, for conspiracy to distribute crack cocaine. He alleges a host of improprieties, including the planting of evidence and the suborning of false testimony. He also appears to pursue similar claims on behalf of other Plaintiffs who allegedly suffered the same fate, but Plaintiff cannot pursue claims on behalf of others. Plaintiff seeks forty million dollar in damages.

1

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g) bars a prisoner from bringing a civil action or appeal *in forma pauperis* if that prisoner has at least three prior cases which were dismissed on one of these grounds.

Plaintiff's claims go to the validity of his conviction, which means he has no action under 42 U.S.C. § 1983 unless and until his conviction is overturned.  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  This rule prevents an "end-run" around habeas corpus procedures:

> [A] section 1983 suit for damages that would "necessarily imply" the invalidity . . . of an inmate's conviction, or "necessarily imply" the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence. . . . This "favorable termination" requirement is necessary to prevent inmates from doing directly through damages actions what they could not do directly by seeking injunctive relief-challenge the fact or duration of their confinement without complying with the

procedural limitations of the federal habeas statute.

Nelson v. Campbell, 541 U.S. 637, 646-47 (2004), *quoting* Heck v.

Humphrey, 512 U.S. at 487 (1994)(other citations omitted).  "[A]

prisoner ... has no cause of action under § 1983 unless and until the

conviction or sentence is reversed, expunged, invalidated, or impugned by

the grant of a writ of habeas corpus." Heck, 512 U.S. at 489.

Plaintiff's conviction has not been invalidated.  In fact, the Seventh

Circuit affirmed Plaintiff's conviction in a published order in 2001.  U.S.

v. Jones, 275 F.3d 648 (7th Cir. 2001).  Further, Judge Scott denied

Plaintiff's habeas corpus petition in 2003, a ruling also affirmed by the

Seventh Circuit.  Jones v. USA, 03-3107 (C.D. Ill., Judge Scott).

Accordingly, Plaintiff has no cause of action at this time for his alleged

wrongful conviction.

IT IS THEREFORE ORDERED:

1) All Plaintiffs other than Plaintiff Rodriguez Jones are dismissed

because they have not signed the complaint.  Plaintiff Jones cannot

pursue claims on behalf of others.

2)  Plaintiff Jones' complaint is dismissed for failure to state a claim pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  All pending motions are denied as moot, and this case is closed.

3) Plaintiff Jones' petition to proceed *in forma pauperis* is granted for the purposes of collecting the filing fee in installments (d/e 2).  The clerk is directed to calculate and assess Plaintiff Jones' initial partial payment.

4)  This dismissal shall count as one of Plaintiff Jones' three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  *See* <u>In re Jones</u>, 652 F.3d 36, 37 (C.A.D.C. 2011)(dismissal under <u>Heck v. Humphrey</u> for failure to state a claim is a "strike").  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

5)  If Plaintiff Jones wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be

4

liable for the $455 appellate filing fee irrespective of the outcome of the appeal.  Plaintiff may also be assessed another "strike" by the Court of Appeals if his appeal is dismissed for one of the reasons stated in § 1915(g).

ENTERED:   December 9, 2011

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE